# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# ABERDEEN DIVISION

| | |
|---|---|
| **NITA MICHELLE CHANDLER,**<br><br>Plaintiff,<br><br>v.<br><br>**THE HARTFORD,**<br><br>Defendant. | Case No. 1:19cv185-SA-DAS |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Hartford Life and Accident Insurance Company, the defendant improperly named as "The Hartford" ("Hartford" or "Defendant") files this Notice of Removal to remove this civil action from the Circuit Court of Clay County, Mississippi, wherein it was filed as Case No. 13 Cl 1:19-cv-0225, to the United States District Court for the Northern District of Mississippi, Aberdeen Division. This cause is removable pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") because Plaintiff's Complaint presents a federal question. The grounds for removal are as follows:

1. Plaintiff Nita Michelle Chandler commenced this civil action in the Circuit Court of Clay County, Mississippi, on September 20, 2019. A true and

1

correct copy of all process and pleadings filed in the Circuit Court of Clay County, Mississippi are attached hereto as Exhibit "A."

2. This Notice of Removal is filed, pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), within thirty (30) days after the filing of the Complaint and, therefore, receipt by Defendant of the initial pleading on which the aforesaid action is based.

3. The United States District Court for the Northern District of Mississippi, Aberdeen Division, is the federal judicial district embracing the Circuit Court of Clay County, Mississippi, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. §§ 104(a)(1) and 1441(a).

## FEDERAL QUESTION JURISDICTION

4. Under 28 U.S.C. § 1331, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Further, the ERISA jurisdiction provision gives concurrent jurisdiction to the state and federal courts over participant's claims under 29 U.S.C. § 1332(a)(1)(B) and exclusive jurisdiction to the federal courts over all other ERISA claims by participants. *See* 29 U.S.C. § 1332(e)(1). When filed in state court, such actions may be removed to federal court. *See* 28 U.S.C. § 1441(a).

5. In her Complaint, Plaintiff alleges that she is insured under an ERISA-governed disability-insurance policy issued by Hartford to her employer, PACCAR

Inc. (*See* Compl. at ¶¶ 1, 3). Based upon an alleged termination of her benefits, Plaintiff asserts a single count for violations of ERISA. (*See* Compl. at ¶¶ 7, 9-10). Plaintiff seeks "judgment for past due benefits and for an injunction prohibiting Defendant from ceasing future payment of benefits." (*See* Compl., "Request for Relief" paragraph).

6. Hartford issued group policy No. 83123837 (the "Policy") to PACCAR Inc. to insure the long-term disability component of the PACCAR Inc. Group Disability Income Insurance Plan (the "Plan"), which is an "employee welfare benefit plan," 29 U.S.C. § 1002(1), pursuant to ERISA. Plaintiff was a participant in the Plan based on her employment with PACCAR Inc. A copy of the Plan is attached hereto as Exhibit B. It expressly references ERISA and provides a Summary Plan Description and statement of participant's rights under ERISA. *See* Ex. B at 28-32. Hartford serves as the claims administrator for claims under the Plan.

7. Because Plaintiff asserts a single federal cause of action under ERISA, (*see* Compl. at ¶¶ 1, 4-10), and even alleges the state court's jurisdiction under ERISA, (*see* Compl. at ¶ 4) (referencing, without citation, 29 U.S.C. § 1132(e)), this Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). Accordingly, this cause of action,

which could have originally been filed in this Court, is subject to removal under 28 U.S.C. § 1441(a) as an action arising under federal law.

## MISCELLANEOUS

8. This suit is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

9. The prerequisites for removal under 28 U.S.C. §§ 1441 and 1446 have been met.

10. Defendant has not sought similar relief with respect to this matter.

11. Written notice of the filing of this Notice of Removal will be given to the adverse party as required by law.

12. A true and correct copy of this Notice of Removal will promptly be filed with the Clerk of the Circuit Court of Clay County, Mississippi, as provided by law.

13. The allegations of this Notice are true, correct, and within the jurisdiction of the United States District Court for the Northern District of Mississippi, Aberdeen Division, and this cause is removable to the United States District Court for the Northern District of Mississippi, Aberdeen Division.

14. Should any question arise as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit a brief and

present oral argument to show that this case clearly is removable under controlling federal law. *See Allen v. R&H Oil & Gas Co.*, 63 F3d 1326, 1336 (5th Cir. 1995).

WHEREFORE, PREMISES CONSIDERED, Defendant Hartford Life and Accident Insurance Company desiring to remove this civil action to the United States District Court for the Northern District of Mississippi, Aberdeen Division – the District encompassing the county in which such civil action is pending – prays that the filing of this Notice of Removal shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted on this the 17th day of October 2019,

*/s/ Ollie A. Cleveland, III*
Ollie A. Cleveland, III (MSB No. 101178)
William B. Wahlheim, Jr. (*pro hac vice* to be filed)
*Attorneys for Defendant Hartford Life and Accident Ins. Co.*

**OF COUNSEL:**
MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
Suite 2400, Regions/Harbert Plaza
Birmingham, Alabama 35203-2618
(205) 254-1000
(205) 254-1999
tcleveland@maynardcooper.com
wwahlheim@maynardcooper.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 17th day of October 2019.

Jim Waide
MS Bar # 6857
P.O. Box 1357
Tupelo, MS 38802-1357
(662) 842-7324
*Attorney for Plaintiff*

               */s/ Ollie A. Cleveland, III*
               OF COUNSEL